a The following rules of court have been adopted since the publication of the rules of court in 2 Harr. Rep. 161.
RULE 42. At the instance of the bar it is directed that objections to road and ditch returns be made in writing, and supported by affidavit, where the objections to the return rest upon facts not appearing from the record. (Pall Sessions, 1841.)
No. 43. In all cases of taking special bail, by the prothonotary, in vacation, reasonable notice of justification shall be given to the opposite party, or his attorney. (Fall Sessions, 1842.)
No. 44. In all actions ex contractu pending in this court, judgment for the plaintiff shall, on motion, be entered at the second term, unless there be an allegation, supported by regular affidavit, that there is a legal defence to the action. Such affidavit shall be filed during the term, unless the court do, on motion, enlarge the time. (Spring Sessions, 1845.)
No. 45. Notice of holding inquisitions on land, or of sale, shall be served personally on the defendant, if residing in the county. If he does not reside in the county, notice shall be served on the tenant, or if there be no tenant, shall be left at the mansion house, or other notorious place on the premises. (Pall Sessions, 1845.)
No. 46. It is ordered by the court, that in every action of ejectment, the defendant shall specify, by general description in the consent rule, for what premises he intends to defend; and shall consent in such rule to confess upon the trial, as well as lease entry and ouster, that the defendant (if he defends as tenant, or in case he defends as landlord, that his tenant) was, at the time of the service of the declaration in possession of such premises. (Spring Sessions, 1847.)
No. 47. It is ordered by the court, that in future, applicants for admission to the bar, subject to examination, shall be privately and fully examined by a committee of three members of the bar, to be appointed by the court; and shall be admitted only on the written report of the examining committee, or a majority of them, stating the qualifications of the applicant, and recommending his admission. (Spring Sessions, 1847.)
RULE to show cause why an award should not be set aside.
Nathaniel Horsey, together with Owens Kinder, were administrators of Josiah C. Horsey, deceased; and Kinder entered into an amicable action with Levin Lank, at the suit of said Lank vs. Kinder and Horsey, as administrators of Josiah Horsey, and the arbitrators reported a sum due to plaintiff of $63.
On which Wootten, for the administrator. Horsey, who was also a *Page 458 
creditor, obtained a rule to show cause why the award should not be set aside, as the submission was without his authority.
McFee showed cause and cited (Wms. Ex'rs. 620-1.) Co-executors are regarded as one, and the act of one binds all, c. (2 Leigh's N. P. 981.)
 Rule discharged.